MINER *vs.* ROBINSON.

## In Error.

If a note, not negotiable, be indorsed after it has fallen due, in an action on such note in favour of the indorsee against the indorser, parol evidence is admissible on the part of the defendant, to prove an agreement made at the time of the transfer between the indorser and indorsee, that the indorsee should pursue the maker of the note by action, and have recourse to the indorser only in the event of his being unable to collect the note of the maker.

*Chittenden,*
*January,*
*1824.*

THIS was a Writ of Error brought to reverse a judgment of the County Court for the County of Chittenden, rendered in favour of George Robinson plaintiff below *v.* James Miner defendant in an action of *assumpsit.*

*Heman Allen* for the plaintiff in Error. He cited Chip. Rep. 86. Rhodes *v.* Risley, (ante 52.) 6 Mass. Rep. 434, Barber *v.* Prentiss. 8 T. R. 384, Rex. *v.* Laindon.

*George Robinson* for the defendant. He cited Chit. on Bills, 91—104. 1 Camp. Rep. 442.

The opinion of the Court was delivered by

SKINNER, Ch. J. The facts appearing upon the record in this case are, that a note was executed on the 14th September, 1821, for $68 by Thomas Lee, jr. made payable to James Miner in the month of June, 1822; that on the 5th of July Miner indorsed his name upon the note, and delivered it to James Atkins; the indorsement is left blank. Atkins delivered the note to Robinson, the nominal plaintiff to collect as attorney. Robinson, in filling the indorsement, for convenience in collecting, directed the payment to himself; and admits that the same rule is to govern the decision in the case, as if the suit was in the name of Atkins. The indorsement is

*Chittenden,*
*January,*
*1824.*

Miner
*vs.*
Robinson.

filled up by ordering the contents paid to George Robinson, value received. The note is not negotiable, and was indorsed after it fell due. Miner offered to prove on the trial, that at the time of the transfer, Atkins agreed to pursue Lee by action, and to have recourse to him (Miner) only in the event of the pursuit against Lee proving ineffectual. The County Court rejected the testimony, and this is the cause assigned for error.

If the question was, what is the undertaking of the party, which the law implies upon a blank indorsement of a note *not* originally negotiable, and *after the same falls due,* or from an indorsement ordering the contents of such note paid to another, for value received, we are not prepared to say, that by this indorsement the party indorsing is *prima facie* immediately liable on the neglect of payment by the maker, when thereto demanded, by the holder, and notice of such neglect, without any attempt on the part of the holder to enforce the collection of the money from the maker, or any evidence that such attempt would be unavailing; but we have no hesitation in saying, that if such liability is implied, it may be rebutted. Atkins having agreed at the time of the transfer to pursue Lee, the maker of the note, by suit before he had recourse to Miner, there can be no doubt, that, if the filling up of the indorsement contrary to this agreement, should in its effects prove prejudicial to Miner, an action would lie to recover the damages sustained. And it is difficult to discover on what principle Atkins is entitled to recover contrary to his agreement. The claim is not that of a *bona fide* holder ignorant of the agreement; nor is the agreement attempted to be proved contrary to an express undertaking of the party in writing.

No opinion is intended to be intimated as to the rights and duties of the holder of a note not negotiable originally, and indorsed before the same falls due; whether he will be entitled to recover of the indorser without suit against the maker; or whether to secure a right ultimately against the indorser, he is obliged to demand payment of the maker, when the note falls due, and give immediate notice of non-payment, and that he shall look to the indorser. These are questions of sufficient importance to forbid a gratuitous dicision.

The question now before the Court was agitated at an early day,

*Chittenden,*
January,
1824.

*Miner*
*vs.*
Robinson.

and decided in the case of Rhodes *v.* Risley (ante 52). Chief Justice Chipman in that case says, "the indorsement, though filled up by the indorsee, may be *prima facie* evidence of an obligation on the indorser, but it is only *prima facie*, evidence & in justice should be allowed to be contradicted." This decision of the Supreme Court has ever been regarded by subsequent Courts as having settled the law in this State. The same principle is recognized in England. As between the immediate parties parol evidence is admissible to control or impeach the promise or undertaking. Although the indorsement of a note is said to be equivalent to drawing a bill of exchange, and the effect is to charge the indorser as the drawer of a bill; and, although the principle may have been extended to notes not originally negotiable, yet, when the rights of third persons are not affected, and the party is not a holder having paid a value ignorant of the circumstances attending the transfer, Courts have suffered not only an inquiry into the consideration, but other circumstances, to defeat a recovery. Bul. N. P. 274. 1 Esp. R. 263, 117. Salh. 128. Str. 674. Chitty 85 and on. 8 Term R. 379. 6 Mass. Rep. 434. 11 *Ib.* 32.

We are therefore of opinion, that in the judgment of the County Court there is error, and the same is reversed.